## LUMBER MUT. FIRE INS. CO. v. MALLEY.
### No. 1210.

District Court, D. Massachusetts.
Dec. 1, 1930.

554

F. H. Nash, of Boston, Mass., for plaintiff.

Frederick H. Tarr, U. S. Atty., and J. Duke Smith, Sp. Asst. to U. S. Atty., both of Boston, Mass., for defendant.

MORTON, District Judge.

The statute in question (Revenue Act of September 8, 1916, § 407, 39 Stat. 789) puts insurance companies into a class by themselves. It provides that "every corporation * * * having a capital stock represented by shares, and *every insurance company* [italics mine] * * * shall pay annually a special excise tax with respect to the carrying on or doing business by such corporation * * * or insurance company * * * and in estimating the value of capital stock the surplus and undivided profits shall be included." The Hecht Case decides that the words "capital stock" in a similar taxing statute covered not only a declared capital so carried on the books, but also "the net value of the property owned by the association and used in its business." Hecht v. Malley, 265 U. S. 144, at pages 162, 163, 44 S. Ct. 462, 469, 68 L. Ed. 949. The same conclusion was reached in Ray Consolidated Copper Company v. United States, 268 U. S. 373, at pages 376–378, 45 S. Ct. 526, 69 L. Ed. 1003.

The property which was taxed as capital stock of this plaintiff belonged to the company, having been accumulated over a period of years. It was not represented by shares, as was true in the Hecht Case, but this fact does not seem significant on the present question.

In my opinion the Commissioner was right in taxing it as he did. The plaintiff was clearly within the words of the statute, "every insurance company." Its contention that this broad provision ought to be restricted by judicial construction so as to except mutual companies like the plaintiff, on the ground that, as such organizations have no

capital stock, they cannot have been intended to come within the statute, is greatly weakened by the Hecht decision. Moreover, in section 11 of title 1 of the act under consideration, certain named insurance and benefit organizations, mutual in character, were expressly excepted from the operation of the act. The persons who drafted the statute had them in mind. If it had been the intention that mutual fire insurance companies like the plaintiff should not be included, it is altogether probable that they would have been expressly provided for, either by an exception after the words "every insurance company," or by being included in section 11. While the Treasury Department at first construed the act in accordance with the plaintiff's contention, it later reversed its position and took what is in my opinion the correct view. Judge Mack's observations on this statute in New York Life Insurance Company v. Bowers, Collector (D. C.) 34 F. (2d) 60, at page 61, were obiter dicta, and were based on the original Treasury regulation. The change in the regulation seems not to have been called to his attention, and he evidently assumed that there was no question about the matter.

The statute when construed in the light of the authorities is not, I think, sufficiently ambiguous for its meaning to be controlled even by a settled practice in the Commissioner's office not to tax mutual companies generally.

Judgment for defendant.